UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LATHERIO MEADOWS,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

Case No. 24-CV-1052-JPS

**ORDER**

On August 19, 2024, Petitioner Latherio Meadows ("Petitioner") moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 1. The Court will now screen Petitioner's motion.

1.   **BACKGROUND**

Petitioner's § 2255 motion arises from his criminal proceedings before this Court in *United States v. Latherio Meadows*, 21-CR-252-JPS (E.D. Wis.).[1] In December 2021, Petitioner was indicted on seventeen counts—seven of Hobbs Act Robbery, seven of brandishing a firearm in furtherance of a crime of violence, two of knowingly possessing a stolen firearm, and one of being a felon in possession of a firearm. CR-ECF No. 1; CR-ECF No. 41 at 4. He pleaded guilty to nine of those counts—seven of Hobbs Act Robbery and two of brandishing a firearm in furtherance of a crime of violence. CR-ECF No. 33; CR-ECF No. 47 at 1–2. His plea agreement included an appellate waiver; it provided that "the defendant knowingly and voluntarily waives his right to appeal his sentence and further waives his right to challenge his convictions or sentence in any post-conviction

---

[1]Docket references thereto will be cited as CR-ECF.

proceeding, including by not limited to a motion pursuant to 28 U.S.C. § 2255." CR-ECF No. 33 at 13. It noted, however, that the appellate waiver did not expend to an appeal or post-conviction motion based on, as relevant here, "ineffective assistance of counsel in connection with the negotiation of the plea agreement or sentencing, or . . . a claim that the plea agreement was entered involuntarily." *Id.*

In September 2022, the Court sentenced Petitioner to a total term of imprisonment of 264 months. CR-ECF No. 47 at 3. Petitioner, through counsel, filed a notice of appeal on September 20, 2022. CR-ECF No. 49. The Seventh Circuit Court of Appeals disposed of the appeal on October 10, 2023. CR-ECF No. 62. On appeal, Petitioner sought to withdraw his guilty plea. *Id.* at 3. The Seventh Circuit noted that Petitioner's plea colloquy was compliant with Rule 11 of the Federal Rules of Criminal Procedure but for "two harmless omissions." *Id.* at 3. The Seventh Circuit concluded that the agreement and Petitioner's plea were valid and that the appellate waiver was enforceable, and so it accordingly dismissed the appeal. *Id.* at 4–5.

Petitioner now moves for the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 1. Petitioner is incarcerated at Hazelton USP with an anticipated release date in November 2040. Inmate Locator, FED. BUREAU OF PRISONS, available at https://www.bop.gov/inmateloc/ (last visited Sept. 4, 2024).

2. **SCREENING**

The Court must now screen Petitioner's motion pursuant to Rule 4 of the Rules Governing Section 2255 Cases. At the screening stage,

> [i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not

Page 2 of 7
Case 2:24-cv-01052-JPS    Filed 09/04/24    Page 2 of 7    Document 2

> dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing Section 2255 Proceedings. The Court accepts as true a petitioner's well-pleaded factual allegations but not any legal conclusions. *See Gibson v. Puckett*, 82 F. Supp. 2d 992, 993 (E.D. Wis. 2000). The Court ordinarily analyzes preliminary procedural obstacles, such as whether the petitioner has complied with the statute of limitations, avoided procedural default, and set forth cognizable claims. If those issues do not preclude a merits review of the claims, the Court directs the Government to respond to the petition.

### 2.1 Timeliness

The Court begins by addressing the timeliness of Petitioner's motion. Section 2255(f) provides a one-year period in which to file a motion. 28 U.S.C. § 2255(f). That period typically runs from the date on which the judgment of conviction becomes final. *Id.* "[T]he Supreme Court has held that in the context of postconviction relief, finality attaches when the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" *Robinson v. United States*, 416 F.3d 645, 647 (7th Cir. 2005) (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)). The time for filing a certiorari petition expires "90 days after entry of the judgment" of the United States Court of Appeals. Sup. Ct. R. 13.1.

The Seventh Circuit Court of Appeals entered judgment on October 10, 2023. CR-ECF No. 62 at 1. Petitioner had 90 days therefrom to file a petition for certiorari. It is not clear whether he did so—Petitioner does not so state, and the Court sees no record of such a filing. The Court will accordingly proceed

Page 3 of 7
Case 2:24-cv-01052-JPS   Filed 09/04/24   Page 3 of 7   Document 2

under the assumption that Petitioner did not file a petition for certiorari. His deadline to do so expired on January 8, 2024. He had a year therefrom within which to timely file his § 2255 motion. He did so, and so the Court is satisfied for purposes of the screening stage that Petitioner's motion is timely.

### 2.2 Procedural Default

The Court next considers whether Petitioner's claims suffer from procedural default. Section 2255 relief is appropriate if the Court determines that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). However, this form of action is not a substitute for a direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). Therefore, any claims that a petitioner did not properly raise at trial or on direct appeal are typically procedurally defaulted, and he cannot raise them. *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008). Claims of ineffective assistance of counsel, however, may be raised for the first time in a § 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

A liberal review of Petitioner's motion reveals two asserted grounds for relief. First, Petitioner argues that his guilty plea and accompanying appellate waiver were invalid because he was not intelligently advised. ECF No. 1 at 5–6; *id.* at 11 (asserting that his "plea deal that contained a broad appeal waiver" was entered "unknowingly, involuntarily and unintelligently"); *id.* at 15 (asserting that "[a] defendant can never knowingly and intelligently waive the right to appeal or collaterally attack a sentence that has not yet been imposed"). Second, he argues that his trial counsel was constitutionally ineffective during the plea stage of the

proceedings. *Id.* at 6–7, 10–12, 14. Petitioner asserted the former ground before the Seventh Circuit, and he may assert the latter for the first time in his § 2255 motion. CR-ECF No. 62 at 3–4; *Massaro*, 538 U.S. at 504. Accordingly, the Court is satisfied for purposes of the screening stage that his grounds for relief do not suffer from procedural default.

### 2.3 Cognizable Claims

Having determined that Petitioner's grounds do not fail on the statute of limitations or procedural default, the Court considers whether they are cognizable and non-frivolous, in order to excise any plainly meritless claims. The Court cannot conclude at this early stage that Petitioner's grounds are plainly incognizable or frivolous. Petitioner may therefore proceed on both of his asserted grounds for relief.

## 3. CONCLUSION

In light of the foregoing, the Court will set a briefing schedule.[2]

Accordingly,

**IT IS ORDERED** that the parties shall proceed in accordance with the following briefing schedule:

1. Within 30 days of entry of this order, Respondent shall file either an appropriate motion seeking dismissal of this action or an answer to Petitioner's motion, complying with Rule 5 of the Rules Governing § 2255 Cases.

---

[2] In some instances, the Court would order the attorney to whom the ineffective assistance of counsel allegation relates to file an affidavit in the habeas case responding to the allegations. However, the Court does not believe, given the availability of other record evidence, that such an affidavit is necessary to resolve the merits of Petitioner's grounds for relief, and so it will not order that counsel appear to file such an affidavit. Should either of the parties disagree, they may file a motion supported by good cause for such a request.

2. If Respondent files an answer, then the parties should abide by the following briefing schedule:

    a. Petitioner shall have 30 days after the filing of Respondent's answer within which to file a brief in support of his motion, providing reasons why his conviction should be vacated.

    b. Respondent shall file an opposition brief, with reasons why Petitioner's conviction should not be vacated, within 30 days of service of Petitioner's brief, or within 60 days from the date of this order if no brief is filed by Petitioner.

    c. Petitioner may then file a reply brief, if he wishes to do so, within 15 days after Respondent has filed a response brief.

3. If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

    a. Petitioner shall have 30 days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

    b. Respondent shall have 15 days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the motion to vacate or a dispositive motion filed by Respondent must not exceed 30 pages and reply briefs must not exceed 15 pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Dated at Milwaukee, Wisconsin, this 4th day of September, 2024.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

Petitioners who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Petitioners who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Petitioner is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PETITIONER FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.