# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LATHERIO MEADOWS,<br><br>                         Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                         Respondent. | Case No. 24-CV-1052-JPS<br><br>**ORDER** |

**1.     INTRODUCTION**

On August 19, 2024, Petitioner Latherio Meadows ("Petitioner") moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 1. The Court screened the motion in accordance with Rule 4 of the Rules Governing § 2255 Proceedings, concluding that his two asserted grounds for relief could proceed. ECF No. 2. Petitioner failed to timely file a brief in support of his motion. *See id.* at 6 (noting that Petitioner's brief in support was due thirty days after the filing of Respondent's answer); ECF No. 7 at 2 (accepting Respondent's answer and extending Petitioner's deadline to file his brief in support). Respondent opposes the motion, ECF No. 9, and Petitioner failed to timely reply.

The Court will now address the merits of Petitioner's § 2255 motion. For the reasons discussed herein, the Court will deny the motion and dismiss this case with prejudice.

## 2. BACKGROUND

Petitioner's § 2255 motion arises from his criminal proceedings before this Court in *United States v. Latherio Meadows,* 21-CR-252-JPS (E.D. Wis.).[1]

In December 2021, Petitioner was indicted on seventeen counts—seven of Hobbs Act Robbery, seven of brandishing a firearm in furtherance of a crime of violence, two of knowingly possessing a stolen firearm, and one of being a felon in possession of a firearm. CR-ECF No. 1; CR-ECF No. 41 at 4. He pleaded guilty to nine of those counts—seven of Hobbs Act Robbery and two of brandishing a firearm in furtherance of a crime of violence. CR-ECF No. 33; CR-ECF No. 47 at 1–2. His plea agreement included an appellate waiver, providing that "the defendant knowingly and voluntarily waives his right to appeal his sentence and further waives his right to challenge his convictions or sentence in any post-conviction proceeding, including by not limited to a motion pursuant to 28 U.S.C. § 2255." CR-ECF No. 33 at 13. It noted, however, that the appellate waiver did not extend to an appeal or post-conviction motion based on, as relevant here, "ineffective assistance of counsel in connection with the negotiation of the plea agreement or sentencing, or . . . a claim that the plea agreement was entered involuntarily." *Id.*

In September 2022, the Court sentenced Petitioner to a total term of imprisonment of 264 months. CR-ECF No. 47 at 3. Petitioner appealed on September 20, 2022, seeking to withdraw his guilty plea. CR-ECF Nos. 49, 62. The Seventh Circuit Court of Appeals disposed of the appeal on October 10, 2023. CR-ECF No. 62. The Seventh Circuit noted that Petitioner's plea colloquy was compliant with Rule 11 of the Federal Rules of Criminal

---

[1] Docket references thereto will be cited as CR-ECF.

Procedure "but for two harmless omissions." *Id.* at 3. The Seventh Circuit concluded that the agreement and Petitioner's plea were valid and that the appellate waiver was enforceable, and so it accordingly dismissed the appeal. *Id.* at 4–5.

Petitioner is incarcerated at Hazelton USP with a projected release date of November 2040. *Inmate Locator*, FED. BUREAU OF PRISONS, *available at* https://www.bop.gov/inmateloc/ (last visited Mar. 14, 2025).

3.  **STANDARD OF REVIEW**

> A person serving a sentence imposed by a federal court who is
>
> claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). "Relief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013)). "[W]here the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief," the court need not hold an evidentiary hearing. *Torzala v. United States*, 545 F.3d 517, 525 (7th Cir. 2008) (quoting *Cooper v. United States*, 378 F.3d 638, 641–42 (7th Cir. 2004)).[2]

---

[2] For the reasons discussed in this Order, such is the case here. Accordingly, the Court declines to hold an evidentiary hearing and instead disposes of Petitioner's motion on the present record.

## 4. LAW & ANALYSIS

Petitioner's § 2255 motion presents two grounds for relief: (i) that Petitioner's guilty plea and accompanying appellate waiver were invalid as unknowingly and unintelligently entered into, and (ii) that Petitioner's attorney provided ineffective assistance during the plea stage, specifically with respect to advising Petitioner regarding the plea agreement's appellate waiver. ECF No. 2 at 4–5; ECF No. 1 at 2. The Court begins with Petitioner's claim of ineffective assistance of counsel.

### 4.1 Ineffective Assistance of Counsel During the Plea Stage

Petitioner argues that his counsel provided ineffective assistance by failing to advise him of the plea agreement's appellate waiver and its ramifications. ECF No. 1 at 5–6. Petitioner contends that he would "never have plead[ed] guilty" and would have proceeded to trial "ha[d] the waiver been properly explained to him." *Id.* at 6; *id.* at 12 (alleging that he "needed more explanation with regards to the . . . waiver from his counsel and counsel did not do that"). He alleges that he "continuously and consistently . . . asked counsel to explain the meaning of the appeal waiver" but that counsel essentially just told him that "signing the plea was good." *Id.* at 11; *id.* at 17 (alleging that counsel "never explained the plea agreement and the . . . waiver" to Petitioner).

Petitioner also contends that he later told counsel that he wanted to withdraw his plea and that counsel told him "that it is very difficult to withdraw plea agreements." *Id.* at 11. Lastly, Petitioner contends that counsel was ineffective for failing to object to the fact that the magistrate judge at the plea colloquy did not acknowledge or discuss the appellate waiver in the plea agreement. *Id.* at 14. For the reasons discussed herein, the Court will deny relief on this ground.

Courts apply the two-prong test, set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), to evaluate the effectiveness of counsel. *Makiel v. Butler*, 782 F.3d 882, 897 (7th Cir. 2015). "The Sixth Amendment guarantees a defendant the effective assistance of counsel at 'critical stages of a criminal proceeding,' including when he enters a guilty plea." *Lee v. United States*, 582 U.S. 357, 363 (2017) (quoting *Lafler v. Cooper*, 566 U.S. 156, 165 (2012) and citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)).

"A party asserting ineffective assistance of counsel bears the burden of establishing two elements: (1) that his trial counsel's performance fell below objective standards for reasonably effective representation, and (2) that counsel's deficiency prejudiced the defense." *Blake*, 723 F.3d at 879 (citing *Strickland*, 466 U.S. at 687–88; *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011); and *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009)). "[A] court does not need to address the *Strickland* prongs in any particular order. If one prong is found to be insufficient, the court need not address the other prong." *Ruhl v. Hardy*, 743 F.3d 1083, 1092 (7th Cir. 2014) (citing *Strickland*, 466 U.S. at 697).

With respect to the first prong, the *Strickland* standard is "'highly deferential' to counsel, presuming reasonable judgment and declining to second guess strategic choices." *United States v. Shukri*, 207 F.3d 412, 418 (7th Cir. 2000) (quoting *United States v. Williams*, 106 F.3d 1362, 1367 (7th Cir. 1997)). There is a "strong presumption" that counsel's decisions constitute reasonable litigation strategy. *Strickland*, 466 U.S. at 689 (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995) ("[B]ecause counsel is presumed effective, a party bears a heavy burden in making out a winning claim based on ineffective assistance of counsel.").

"Counsel's work must be assessed as a whole; it is the overall deficient performance, rather than a specific failing, that constitutes the ground for relief." *Peoples v. United States*, 403 F.3d 844, 848 (7th Cir. 2005) (citing *Bell v. Cone*, 535 U.S. 685, 697 (2002); *Strickland*, 466 U.S. at 690; and *Holman v. Gilmore*, 126 F.3d 876, 881–84 (7th Cir. 1997)).

Meanwhile, the prejudice prong is not met merely by a showing that "counsel's errors might have had an effect on the outcome." *Ruhl*, 743 F.3d at 1091. Instead, there must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 1091–92 (quoting *Strickland*, 466 U.S. at 694). In the context of having entered into a plea agreement, specifically, *Strickland*'s prejudice prong requires the defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *see also Lafler*, 566 U.S. at 163 ("In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." (citing *Missouri v. Frye*, 566 U.S. 134, 148 (2012) and *Hill*, 474 U.S. at 59)).

Petitioner has failed to demonstrate that he is entitled to post-conviction relief grounded in ineffective assistance of counsel. As Respondent notes, many, if not all, of the factual allegations that Plaintiff proffers in support of this ground for relief—and in support of his motion as a whole—are "fundamentally at odds" with representations he made under oath at his plea colloquy, which representations are presumed correct. ECF No. 9 at 3; *see United States v. Scholtes*, 447 F. App'x 730, 731 (7th Cir. 2011) ("There is . . . a presumption that [the defendant] was adequately informed because he stated under oath that he had read and discussed the charges with his attorney, and that he understood those charges." citing *Bousley v. United States*, 523 U.S. 614, 618 (1998) and *United States v. Webb*,

403 F.3d 373, 379 (6th Cir. 2005))); *see also Hutchings v. United States*, 618 F.3d 693, 699 (7th Cir. 2010) (noting that "verity presumptively attaches to a defendant's statements when entering a guilty plea" (citing *United States v. Loutos*, 383 F.3d 615, 619 (7th Cir. 2004))).

At his plea colloquy, Petitioner informed the magistrate judge that he was a high school graduate, that he had never been treated for any form of mental illness, and that he was not at the time of the colloquy under the influence of any drug or alcohol. CR-ECF No. 57 at 4–5. He affirmed to the court that he was satisfied with his counsel's representation and advice and that he had an opportunity to read and discuss the plea agreement with counsel prior to signing it. *Id.* at 5–6. While the magistrate judge did not specifically address the matter of the appellate waiver, Petitioner nevertheless affirmed unequivocally that he understood "the terms of the plea agreement." *Id.* at 6. Moreover, directly above his signature on the plea agreement was an express acknowledgement that Petitioner had "reviewed every part of th[e] agreement" with his attorney, that he had "discussed all aspects of th[e] case" with his attorney, and that he was "satisfied that [his] attorney ha[d] provided effective assistance of counsel." CR-ECF No. 33 at 17. Petitioner does not now contend that those representations were false or should for any other reason be set aside.

That being the case, Petitioner cannot credibly contend that his attorney did not discuss the appellate waiver with him and that he did not understand it or its implications. Courts "treat sworn statements made in open court most seriously . . . ." *Koons v. United States*, 639 F.3d 348, 352 (7th Cir. 2011) (citing *Hutchings*, 618 F.3d at 699). "When a . . . court conducts a Rule 11 colloquy, it is not putting on a show for the defendant, the public, or anybody else." *Hutchings*, 618 F.3d at 699. "[T]he court takes a criminal defendant's rights at a change-of-plea hearing very seriously" and so is

entitled "to expect, and demand, that the criminal defendant do so as well." *Id.* "For that reason, a defendant is normally bound by the representations he makes to a court during the colloquy." *Id.* (citing *Loutos*, 383 F.3d at 619). Given Petitioner's sworn statements at the plea colloquy and his acknowledgment by signing the plea agreement, the Court cannot conclude that Petitioner's attorney performed deficiently with respect to Petitioner's plea and the appellate waiver. "Justice would be ill-served, and the utility of the Rule 11 colloquy would be undermined," if the Court were to conclude otherwise and "allow[] [Petitioner] to renege on his representation[s] under oath to the . . . court." *Id.* That conclusion is bolstered by the fact that, in the face of such arguments by Respondent in opposition to the motion, Petitioner forewent the opportunity to rebut them in a reply brief.

Nor can the Court conclude that Petitioner has demonstrated that he was prejudiced by any alleged deficient performance during the plea stage. Petitioner asserts baldly that he would have proceeded to trial had his attorney sufficiently explained the appellate waiver to him, ECF No. 1 at 14, but his motion lacks any detail that would corroborate that assertion. *See Berkey v. United States*, 318 F.3d 768, 773 (7th Cir. 2003) ("[T]he defendant's sole assertion that he would have proceeded to trial cannot carry the burden to show prejudice under *Strickland*." (citing *Arango-Alvarez v. United States*, 134 F.3d 888, 893 (7th Cir. 1998); *United States v. Arvanitis*, 902 F.2d 489, 495 (7th Cir. 1990); and *Gargano v. United States*, 852 F.2d 886, 891 (7th Cir. 1988))). Instead, evidence at various points in the record demonstrates Petitioner's desire to accept responsibility and resolve his case by plea. *See* CR-ECF No. 58 at 6 (Petitioner's counsel representing at sentencing that Petitioner had consistently been "cooperative in resolving th[e] case"); *id.* at 10 (the Government representing at sentencing that

Page 8 of 16
Case 2:24-cv-01052-JPS    Filed 03/14/25    Page 8 of 16    Document 10

Petitioner "accept[ed] responsibility in this case both with law enforcement and with this Court by pleading guilty"); CR-ECF No. 41 at 9 (presentence report documenting that Petitioner "admitted to the facts" underlying the offenses and expressed remorse for his actions).

The assertion that he would have proceeded to trial also defies common sense. In the absence of a plea agreement, Petitioner faced trial on seventeen counts, seven of which were § 924(c) charges carrying mandatory minimum consecutive terms of imprisonment. *See* ECF No. 9 at 8 & n.4; CR-ECF No. 33 at 1; CR-ECF No. 48 at 1. The plea agreement allowed Petitioner to avoid conviction on five of those seven § 924(c) charges. *See* ECF No. 9 at 8 & n.4; CR-ECF No. 46 at 1; CR-ECF No. 48 at 1. The Court is therefore highly skeptical, given Petitioner's original sentencing exposure, that he would have rejected the plea agreement had his counsel more "intelligently advised [him] of [the] appeal waiver." ECF No. 1 at 5; *see Anderson v. United States*, 981 F.3d 565, 577 (7th Cir. 2020) (noting that, in determining "whether there was an adequate showing that the defendant, properly advised, would have opted to go to trial," court should "assess[] the respective consequences of a conviction after trial and by plea" (quoting *Lee*, 582 U.S. at 367)).

The Court must also reject Petitioner's contention that counsel was ineffective for advising him, before his plea colloquy had taken place, that it would be "very difficult" for him to withdraw his plea. ECF No. 1 at 11. Petitioner contends that this represents a "classic case of ineffective assistance of . . . counsel" because "[a] defendant may withdraw a plea of guilt 'for any reason or no reason' before the Court accepts" it. *Id.* at 11–12 (quoting Fed. R. Crim. P. 11(d)(1)). Even assuming arguendo that this advice constituted deficient performance, Petitioner has not plausibly demonstrated that he would, in fact, have withdrawn the plea and

proceeded to trial had counsel provided different advice about plea withdrawal. He therefore fails to demonstrate prejudice. At no point during his plea colloquy did he mention any desire to retain his plea of not guilty. *See* CR-ECF No. 57 at 14 ("[Magistrate judge]: Do you understand, Mr. Meadows, that you have a right to plead not guilty to any offense charged against you and to persist in that plea? [Petitioner]: Yes, sir."). And again, given "the respective consequences of a conviction after trial" versus "by plea," *Anderson*, 981 F.3d at 577 (quoting *Lee*, 582 U.S. at 367), the assertion that Petitioner would have proceeded to trial instead of accepting the plea if counsel had performed differently defies common sense.

Nor can Petitioner demonstrate ineffective assistance of counsel premised on counsel's alleged failure to object to the fact that neither the magistrate judge at the plea colloquy nor the Court at sentencing touched on the matter of the appellate waiver. ECF No. 1 at 12. Even assuming arguendo that such a failure to object constitutes deficient performance, any such failure is harmless since Petitioner unequivocally informed the court under oath that he understood the terms of the plea agreement. Again, Petitioner has failed to show that he would have opted to proceed to trial had his counsel interjected at the plea colloquy and/or at sentencing to point out that the appellate waiver had not been explicitly acknowledged.

For all these reasons, the Court will deny Petitioner's claim of ineffective assistance of counsel.

### 4.2 Intelligent, Voluntary, and Knowing Plea

The Court next addresses Petitioner's interrelated claim that his guilty plea was invalid. Petitioner argues that he did not enter into the plea agreement voluntarily, intelligently, and knowingly because his trial counsel insufficiently explained the appellate waiver to him, the magistrate judge at the plea colloquy did not discuss the appellate waiver or its

Page 10 of 16
Case 2:24-cv-01052-JPS   Filed 03/14/25   Page 10 of 16   Document 10

ramifications, and the district court at sentencing never acknowledged the appellate waiver. ECF No. 1 at 17. He goes so far as to contend that a defendant can never intelligently, voluntarily, and knowingly "waive the right to appeal or collaterally attack a sentence that has not been imposed." *Id.* at 15 ("Until a sentence is imposed, a defendant cannot possibly know what it is he or she is waiving.").

A plea "operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). "Rule 11(b) of the Federal Rules of Criminal Procedure details the steps a district court must follow before accepting a guilty plea." *United States v. Dabney*, 414 F. App'x 869, 871 (7th Cir. 2011) (citing *United States v. Polak*, 573 F.3d 428, 431 (7th Cir. 2009)). Rule 11(1)(N) of the Federal Rules of Criminal Procedure provides that "[b]efore the court accepts a plea of guilty . . . , the court must inform the defendant of, and determine that the defendant understands," among other things and if applicable, the fact that the plea agreement includes a "provision waiving the right to appeal or to collaterally attack the sentence."

However, not every defect in a plea colloquy will automatically render a plea invalid. *See Dabney*, 414 F. App'x at 872 ("[H]armless violations of Rule 11 do not warrant setting aside a guilty plea." (citing Fed. R. Crim. P 11(h) and *United States v. Sura*, 511 F.3d 654, 662 (7th Cir. 2007))). The omission of an explicit warning regarding the waiver of a right is harmless where the petitioner fails to show that "it affected his decision to plead guilty." *Id.* (citing *United States v. Arenal*, 500 F.3d 634, 637 (7th Cir. 2007) and *United States v. Driver*, 242 F.3d 767, 770 (7th Cir. 2001)); 2 FEDERAL STANDARDS OF REVIEW § 8.03 ("In 1979 . . . the Supreme Court held that a

mere formal or technical violation of Rule 11 in the taking of a guilty plea could not be collaterally attacked. That decision has been generally followed, and most courts require a showing of actual prejudice as a prerequisite to collateral attack of a guilty plea." (citing *United States v. Timmreck*, 441 U.S. 780 (1979))).

The Court has already rejected Petitioner's contention that his attorney was constitutionally ineffective for allegedly failing to explain the appellate waiver to him. Petitioner's contentions regarding both the magistrate judge's and this Court's performances at the plea colloquy and at sentencing—and their effect on the voluntariness, intelligence, and knowing nature of Petitioner's guilty plea—are similarly meritless. Petitioner fails to demonstrate that his plea was not entered voluntarily, knowingly, and intelligently. Although neither the magistrate judge nor the Court acknowledged the appellate waiver at the plea colloquy or at sentencing, Petitioner nevertheless affirmed under oath that he had an opportunity to review the agreement with counsel and that he understood its terms. Again, he does not now dispute having made those representations. He therefore cannot now contend that he did not understand the implications of the appellate waiver and that that lack of understanding rendered his guilty plea invalid. The Court must accordingly conclude that Petitioner's guilty plea was valid, irrespective of the magistrate judge's failure to touch on the matter of the appellate waiver at the plea colloquy. *See United States v. Crockett*, No. 20-3025, 2023 U.S. App. LEXIS 12106, at *11–12 (7th Cir. May 17, 2023) ("Crockett, who has a high school equivalency degree, signed the agreement below a line affirming: 'My attorney has reviewed every part of this agreement with me . . . .' These circumstances show that the plea and the appellate waiver are valid." (citing *Polak*, 573 F.3d at 432 and *Driver*, 242 F.3d at 771)).

The Court can also summarily reject Petitioner's contention that the inclusion of an appellate waiver in a plea agreement automatically renders the plea unknowing and unintelligent because "[u]ntil a sentence is imposed, a defendant cannot possibly know what it is he or she is waiving." ECF No. 1 at 15. That contention implies that all plea agreements with appellate waivers are invalid as a matter of law, which is not correct. Plea agreements containing appellate waivers are not invalid merely by virtue of the fact that the defendant is waiving the right to appeal a not-yet-imposed sentence. *See United States v. Galloway*, 917 F.3d 604, 606 (7th Cir. 2019) ("A defendant may waive appellate rights through a plea agreement, assuming such waiver is voluntary and knowing. . . . A written appellate waiver signed by the defendant will typically be voluntary and knowing . . . ." (citing *United States v. Worthen*, 842 F.3d 552, 554 (7th Cir. 2016); *United States v. Malone*, 815 F.3d 367, 370 (7th Cir. 2016); and *United States v. Williams*, 184 F.3d 666, 668 (7th Cir. 1999))); *see also United States v. Lacy*, 813 F.3d 654, 656 (7th Cir. 2016) ("A criminal defendant may waive his right to appeal as part of a plea agreement, provided that the waiver is clear and unambiguous." (citing *United States v. Hallahan*, 756 F.3d 962, 971 (7th Cir.), *cert. denied*, 574 U.S. 1000 (2014))). That the defendant does not know the precise sentence that will be imposed against him at the time that he signs the plea agreement does not mean that his waiver of the right to appeal that sentence is invalid. *See United States v. Navarez,* 731 F. Supp. 262, 263 (N.D. Ill. 1989) ("The constitutionally relevant consequences of a plea with regard to sentencing are only the maximum and minimum sentences which are possible in light of the crimes charged." (citing Fed. R. Crim. P. 11(c)(1); *United States v. Fernandez*, 877 F.2d 1138, 1142–44 (2d Cir. 1989); and *United States v. Turner*, 881 F.2d 684, 685–88 (9th Cir. 1989))); *United States v. Theodorou*, 576 F. Supp. 1007, 1010 (N.D. Ill. 1983) ("The court must address

the defendant [at the Rule 11 hearing] and inform him of the mandatory minimum and the maximum possible penalty. However, the defendant need not be advised of the sentence he will receive." (citing *Paradiso v. United States*, 482 F.2d 409 (3d Cir. 1973) and *Ruiz v. United States*, 494 F.2d 1 (5th Cir.), *cert denied*, 419 U.S. 899 (1974))); *United States v. Middlebrooks*, No. 19-5865, 2020 U.S. App. LEXIS 4661, at *2 (7th Cir. Feb. 13, 2020) ("That [the defendant] did not yet know the calculation of his sentence . . . does not render his plea unknowing or his appellate-waiver provision unenforceable." (citing *United States v. Wilson*, 675 F. App'x 526, 530 (6th Cir. 2017))); *United States v. Melancon,* 972 F.2d 566, 567–68 (5th Cir. 1992) ("[T]he uncertainty of [the defendant's] sentence does not render his [appellate] waiver uninformed." (citing *United States v. Rutan*, 956 F.2d 827, 830 (8th Cir. 1992) and *United States v. Wiggins*, 905 F.2d 51, 52 (4th Cir. 1990))).

For all these reasons, the Court will deny this ground for relief.

### 5. CONCLUSION

As discussed herein, Petitioner has not demonstrated that he received ineffective assistance of counsel with respect to his plea and its inclusion of an appellate waiver, nor that he entered into that plea unknowingly, unintelligently, or involuntarily. His motion is therefore denied, and this case will be dismissed.

The Court must address one additional matter. Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The petitioner "need not

show he is likely to prevail, but he must show that 'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014) (quoting *Slack*, 529 U.S. at 484).

In light of the well-settled principles governing the disposition of Petitioner's grounds for relief, as outlined above, the Court cannot fairly conclude that reasonable jurists would debate whether his motion should be decided differently; as a consequence, the Court must deny him a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Petitioner Latherio Meadows's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, ECF No. 1, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice.**

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 14th day of March, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

> This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine all applicable rules and determine what, if any, further action is appropriate in a case.